IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JASON DUNN                                                        PLAINTIFF

v.                                              Civil Action No. 5:18-cv-46-DCB-MTP

MANAGEMENT & TRAINING CORPORATION
and JOHN AND JANE DOES 1-100                         DEFENDANTS

**COMPLAINT**
*Jury Trial Demanded*

Jason Dunn files this complaint for damages against Management & Training Corporation and John and Jane Does 1-100. The plaintiff states the following in support of his claims:

**PARTIES**

1. The plaintiff is currently an inmate incarcerated at the Wilkinson County Correctional Facility located at 20999 U.S. Highway 61, Woodville, Mississippi 39669. The plaintiff was an inmate at WCCF at all times relevant to this complaint.

2. Management & Training Corporation (MTC) is a Utah corporation with its principal place of business at 500 North Marketplace Drive, Centerville, Utah 84014. MTC's registered agent for service of process in Mississippi is CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendants John and Jane Does 1-100 are unknown MTC officers, employees, agents, or servants. These unknown defendants are responsible for the incident described below, and the plaintiff's damages were proximately caused by their conduct. The unknown defendants were the officers, agents, servants, and employees of MTC and were acting

within the course and scope of their agency and employment.

4. MTC was given a contract by the Mississippi Department of Corrections in April 2012 for the management and oversight of the WCCF's daily operations, under which it has the responsibility for providing humane care and treatment consistent with all constitutional and ACA standards.

5. MTC managed and operated WCCF, where the plaintiff was incarcerated at the time of the attack described below.

### Jurisdiction and Venue

6. The Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. § 1331 as its claims arise under 42 U.S.C. § 1983 as well and the Eighth and Fourteenth Amendments. The Court has supplemental jurisdiction over the Plaintiff's state law causes of action under 28 U.S.C. § 1367. Subject matter jurisdiction also exists under 28 U.S.C.§ 1332 based upon diversity of citizenship as the plaintiff and named defendant are citizens of different states and the claim is in excess of $75,000 exclusive interest and costs.

7. This district is a proper venue for the action pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to this action occurred within this district.

8. The Court has jurisdiction over Management & Training Corporation, a foreign corporation qualified to do business in Mississippi. The plaintiff's claims arise from this defendant's business activities in Mississippi.

FACTS

9. On December 26, 2017, the plaintiff was physically attacked by several inmates while in his cell at WCCF. He suffered stab wounds and other injuries requiring hospitalization.

10. On December 26, 2017, the plaintiff was housed in a maximum-security lockdown unit at WCCF. On that date, guards employed by MTC allowed another inmate to escape his restraints and access cells of other maximum-security inmates. This inmate released seven or eight other inmates who joined him in accessing the plaintiff's cell. The inmates opened the plaintiff's cell and stabbed him approximately twelve times.

11. Plaintiff was rushed to Southwest Mississippi Regional Medical Center in McComb, Mississippi for emergency medical treatment. Plaintiff remained hospitalized at SMRMC for several days. He was then returned to WCCF. Plaintiff continues to suffer pain and debilitation from his injuries.

12. Long before the attack upon the plaintiff, WCCF was besieged with gang violence and contraband. Gang members essentially controlled the prison. WCCF guards and other staff members assisted gang members by bringing in contraband. WCCF employees afforded gang members favorable treatment and aided and abetted the gang members in their illicit behavior. Gang members sold drugs, cell phones, and other contraband with the assistance or approval of MTC employees. The introduction of contraband contributed to the atmosphere of violence at the prison.

13. Cell doors in most of the units at WCCF could easily be rigged to remain unlocked when shut (if the locks were operational in the first place) allowing inmates to leave their cells at any time and to enter the cells of other inmates, resulting in many assaults. There have

been numerous incident reports regarding assaults where inmates escaped or entered other cells through rigged doors. MTC failed to take adequate measures to ensure that the defective doors were replaced and failed to supervise officers adequately to ensure that they routinely and effectively examine doors to check for rigging.

14. MTC supervisors and employees, including guards, were aware that many prisoners at WCCF had altered the locks on their doors which allowed the prisoners to open their cell doors whenever they chose to. Surveillance video exists showing prisoners moving around the prison at all hours of the night on numerous occasions when they were required to be locked down. MTC employees turned a blind eye to such actions. MTC and its employees' actions constituted gross negligence and deliberate indifference to the safety of the prisoners, including the plaintiff.

15. Weapons such as homemade knives were readily available at WCCF. Prisoners utilized materials in the prison or received material from guards.

16. MTC officials and employees were aware of the prevalence of weapons at the prison. Some guards simply looked the other way. Others did not care or did not report the incidents due to the fear of gang retaliation. MTC officials failed to take proper precautions and safety measures to curtail weapons inside the prison.

17. Upon information and belief, MTC officials failed to conduct adequate shakedowns. When shakedowns were done, the guards would either ignore contraband or not report it. Such actions and inactions contributed to the incident in which the plaintiff was stabbed.

18. In order to deal with gangs in prison, sound correctional policy mandates that prison officials institute programs to deal with gangs. Prison officials label gangs as "Security

Threat Groups" (STGs). Such STG programs involve the prevention, identification, and management of gangs in prison. Upon information and belief, MTC has failed to institute any program to deal with the gang situation that exists at WCCF or has applied such measures with gross negligence and deliberate indifference. Such failures led to the plaintiff's injuries.

19. MTC was understaffed on the day plaintiff was attacked. MTC has a pattern and practice of understaffing at WCCF. The guards who were on duty were inadequately trained and supervised to handle the prison population which exists at WCCF. MTC's actions and inactions were grossly negligent, and deliberately indifferent to the safety and well-being of the plaintiff.

### Count One: Claims Under 28 U.S.C. § 1983

20. Through defendants' deliberate indifference to the safety of the plaintiff and other WCCF inmates on December 26, 2017, and the establishment of customs, policies, and practices that created unconstitutional conditions of confinement, the defendants violated the clearly established constitutional rights of the plaintiff, including:

    a. Cruel and unusual punishment under the Eighth and Fourteenth Amendments;

    b. The plaintiff's right not to be deprived of liberty without due process of law;

    c. The plaintiff's right to be safe and protected from injuries while in Defendants' custody;

    d. The plaintiff's right to be protected by the prison officials and guards while under their control; and

    e. The plaintiff's right to be free from excessive and unreasonable force.

21. As a proximate and foreseeable result of the defendants' actions, the plaintiff suffered severe physical injuries, debilitation, pain and suffering, and emotional distress.

22. MTC established customs, policies, and practices that proximately caused the deprivation of the plaintiff's constitutional rights described above. MTC was deliberately indifferent to the safety of the plaintiff and other WCCF inmates. These policies created unconstitutional conditions of confinement.

23. Such policies, customs, and practices include the following:

    a. Inadequate and improper training, supervision, and discipline of WCCF corrections officers;

    b. Inadequate and improper procedures and practices in screening, hiring, training, supervising, and disciplining officers who practice, condone or use excessive force upon WCCF inmates, including the plaintiff, in violation of their constitutional rights;

    c. Inadequate and improper procedures, policies and practices for investigating improper activities by WCCF correctional officers either through offender complaints of misconduct or through internally-initiated complaints or investigations;

    d. Inadequate or improper procedures, policies and practices for identifying and taking appropriate action against WCCF correctional officers who are in need of re-training, corrective measure, reassignment, or other non-disciplinary actions, through a positive or early warning system designed to prevent the violation of inmates' rights;

    e. Failing to prevent and investigate allegations of improper relationships between WCCF correctional officers and WCCF inmates that proximately led to the December 26, 2017 assault; and

    f. Failing to adequately staff WCCF with trained and qualified guards and allowing the prison to be understaffed.

### Count Two: Negligent Hiring, Supervision and Retention

24. The plaintiff reincorporates the allegations stated above in this count.

25. MTC was negligent in its hiring, supervision, and retention of employees, particularly those employed as guards.

26. Such negligent employment practices exposed the plaintiff to the negligent, intentional, and deliberately indifferent conduct of the WCCF guards described above, which conduct proximately caused the plaintiff's injuries and damages.

### Count Three: Negligence and Vicarious Liability

27. The plaintiff reincorporates the allegations stated above in this count.

28. Defendants' negligence allowed or failed to prevent the plaintiff's attack on December 26, 2017. The defendants owed a duty to the plaintiff to ensure his safety, and the defendants breached this duty. The actions and inactions of the defendants proximately caused the plaintiff's injuries and damages. MTC, as the unknown defendants' employer, is liable for their actions which were undertaken during the course and scope of their employment.

### Count Four: Punitive Damages

29. The defendants acted in complete disregard for the safety of the plaintiff by acting in a deliberately indifferent, intentional, and grossly negligent manner as previously described herein. The actions of the defendants warrant punitive damages. The defendants' actions exhibited gross negligence and reckless disregard of the safety of the plaintiff.

**DAMAGES**

30. The plaintiff suffered the following damages as a proximate result of the defendants' wrongful conduct and seeks judgment for the same:

   a. Compensatory damages for medical expenses, pain and suffering, debilitation, and emotional distress.

   b. Punitive damages.

   c. Attorney's fees and other expenses of this action.

   d. The plaintiff seeks any other category of damages under law and supported by the evidence.

WHEREFORE, Jason Dunn demands judgment against the defendants for the damages detailed above, attorney's fees, litigation expenses, and court costs.

Dated: May 2, 2018.

                                              Respectfully submitted,

                                              JASON DUNN

By:   */s/ James M. Priest, Jr.*
        James M. Priest, Jr.,
        Attorney for the Plaintiff

Of Counsel:

W. Bobby Gill, III, MB # 9857
James M. Priest, Jr., MSB # 99352
GILL, LADNER & PRIEST, PLLC
344 Highway 51, Second Floor
Ridgeland, MS 39157
(601) 352-5700
bobby@glplwfirm.com
jamie@glplawfirm.com