# IN THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

| | |
|---|---|
| JASON DUNN, <br>    *Plaintiff* | ) <br> ) <br> ) |
| vs. | )    **Civil Action No. 5:18-cv-46-DCB-MTP** <br> ) |
| MANAGEMENT & TRAINING <br> CORPORATION and JOHN AND <br> JANE DOES 1-100, <br>    *Defendants* | ) <br> ) <br> ) <br> ) |

## ANSWER AND DEFENSES

**COMES NOW** Defendant Management & Training Corporation ("MTC"), through counsel and pursuant to the Federal Rules of Civil Procedure, and files this Answer and Defenses.

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief can be granted and should be dismissed under Fed. R. Civ. P. 12(b)(6).

2. The Complaint or certain claims within the Complaint may be barred in whole or in part by the Prison Litigation Reform Act.

3. Some or all of the claims may be barred by the Plaintiff's failure to fully and properly exhaust his administrative remedies with the Mississippi Department of Corrections.

4. The Plaintiff may have failed to join indispensable parties in order to properly adjudicate the present matter, as set forth by Rules 12(b)(7) and 19 of the Federal Rules of Civil Procedure.

5. Plaintiff may have failed to comply with all conditions precedent and with all statutory and/or due process and/or other requisites for this suit against MTC.

6. Plaintiff's Complaint should be dismissed under the provisions of the Prison Litigation Reform Act, codified at 42 U.S.C. § 1997e(c), because it fails to state a claim upon which relief can be granted and for his failure to exhaust all administrative remedies thereunder.

7. MTC would show that any alleged injuries or damages suffered by Plaintiff as a result of the events complained of (which are denied) were caused solely by reason of the conduct of Plaintiff, and that all actions of MTC were, in every sense, lawful, proper, and responsible and done in compliance with adopted policies and procedures.

8. MTC specifically reserves and invokes all defenses available to it or to which it is entitled under any applicable state and federal law and other policies, standards, regulations, laws, statutes, authorities, and ordinances.

9. At all times relevant to the Complaint, MTC acted in good faith reliance upon existing state and/or federal laws without malice, deliberate indifference, reckless disregard, injurious intent, or wrongful motive.

10. While denying that MTC took any action against Plaintiff for which it may be liable, MTC expressly pleads that each and every decision made or taken concerning Plaintiff was made in good faith and based on legitimate and lawful reasons. Further, each and every action taken by MTC with respect to Plaintiff was taken in accordance with applicable federal and/or Mississippi statutory and case law, and/or other applicable law.

11. MTC took prompt and reasonable action under the circumstances to correct and/or remedy any alleged wrongful conduct, all of which is denied.

12. Plaintiff's claims may be barred or preempted by Federal and/or Mississippi statutory and/or case law and/or the statutory caps and/or limitations found therein.

13. Plaintiff's recovery of damages, if any and which are specifically denied, is limited by applicable state and/or federal law and the statutory limitations therein.

14. Plaintiff has failed to properly mitigate his damages, if any and which are specifically denied.

15. Plaintiff's damages or injuries, to the extent that there are any, were exacerbated or made worse because of pre-existing physical, medical, and/or mental conditions.

16. MTC would affirmatively plead the provisions of Miss. Code Ann. § 11-7-15 and would aver that the acts and/or omissions of Plaintiff caused, in whole or in part, his own injuries and/or damages (if any and which are specifically denied) and that a recovery, if any, by Plaintiff must be reduced in accordance with his own proportionate share of fault.

17. MTC and its agents acting within the course and scope of their employment would show that they exercised the degree of care that a reasonably prudent person would have exercised under similar circumstances and thus did not breach any applicable duty owed to Plaintiff.

18. MTC would affirmatively plead the protections available under Miss. Code Ann. § 85-5-7 and would show that the acts or omissions of others, for whom it has no responsibility or liability, are the sole proximate, or contributing, cause of Plaintiff's injuries, if any, and that a jury must be allowed to assess the proportionate share of fault to those parties and/or participants.

19. MTC pleads the protections afforded to it under Miss. Code Ann. § 11-1-60 and the associated "caps" on those damages that cannot be objectively verified pecuniary damages

(*i.e.* pain and suffering, loss of enjoyment of life, mental anguish, etc.), which are plead in Plaintiff's Complaint.

20.  MTC committed no act that proximately caused or contributed to any alleged damages and/or injuries sustained by Plaintiff; MTC breached no legal duty owed to Plaintiff, if any (MTC specifically asserts that Plaintiff's general state law claim of negligence fails based on a lack of duty owed by MTC); MTC did not cause Plaintiff to sustain damages and/or injuries; and MTC demands that the suit filed against it be dismissed with all costs taxed to Plaintiff.

21.  Plaintiff's injuries and damages, if any and which are denied, were caused by intervening and/or superseding causes over which MTC had no control, and is thus not liable.

22.  To the extent Plaintiff has settled or should hereafter settle for any of his alleged damages with any person/entity, then MTC is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

23.  Plaintiff is not entitled to the recovery of pre-judgment or post-judgment interest pursuant to applicable Mississippi and/or federal law.

24.  Plaintiff is not entitled to any award of attorneys' fees, costs, or other expenses of litigation, as a matter of law.

25.  MTC specifically does not waive any defect in Plaintiff's Complaint by answering and preserves all objections to such deficiencies.

27.  MTC denies any allegation of the Complaint not specifically and expressly admitted in this Answer.

28.  MTC pleads all applicable defenses in Rules 8 and 12 of the Federal Rules of Civil Procedure as well as the Prison Litigation Reform Act. MTC further asserts and/or

reserves its right to assert any additional affirmative defenses that may be justified as additional facts become known.

29. Under the provisions of Fed. R. Civ. P. 38, MTC demands a trial by jury on all matters so triable.

30. Plaintiff has failed to state any cause of action against MTC that would entitle him to recover punitive damages and with respect to punitive damages, specifically plead as follows:

    a. MTC denies that Plaintiff is entitled to any recovery of punitive damages whatsoever against them; in the alternative, MTC pleads all rights, remedies and affirmative defenses available pursuant to Miss. Code Ann. § 11-1-65.

    b. An award of punitive damages in this case is unconstitutional and in violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the Constitution of the United States, as well as the Mississippi Constitution, along with the Ex Post Facto Clause and Commerce Clause, Article I, Section 8, United States Constitution.

    c. An award of punitive damages would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as well as the Mississippi Constitution.

    d. Any award of punitive damages against MTC would be an unconstitutional violation of the provisions of the United States Constitution, including, but not limited to, the Fifth, Seventh, Eighth, and Fourteenth Amendments and would also violate provisions of the Constitution of Mississippi, including, but not limited to, Article III, §§ 14, 28, and 31.

    e. Any award of punitive damages that is not based on the guidelines set forth in BMW of *North America, Inc.* v. *Gore*, 517 U.S. 559 (1996) and its progeny, including *Cooper Indus., Inc.* v. *Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001), would violate MTC's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

31. Plaintiff has failed to allege any unconstitutional policy or custom attributable to MTC that is the moving force behind his injury, and his constitutional claims should be dismissed with prejudice.

32. And now, without waiving any of the above and foregoing defenses, MTC answers Plaintiff's Complaint, paragraph by paragraph as follows:

## Answer

The unnumbered introductory paragraph does not appear to require a response from the MTC. To the extent that it does require a response, MTC denies the allegations of that paragraph.

**Parties**[1]

1. MTC admits the allegations of ¶ 1.

2. MTC admits the allegations of ¶ 2.

3. MTC is without sufficient information to admit or deny the allegations of ¶ 3. MTC denies each allegation therein that seeks to impose liability on it.

4. MTC denies the allegations of ¶ 4. MTC's contract to operate Wilkinson County Correctional Facility is between MTC and the Wilkinson County Industrial Development Authority.

5. MTC admits the allegations of ¶ 5.

**Jurisdiction and Venue**

6. To the extent that Plaintiff has stated a cognizable claim – which MTC denies – MTC admits that this Court would have subject matter jurisdiction.

7. To the extent that Plaintiff has stated a cognizable claim – which MTC denies – MTC admits that venue is proper in the Southern District of Mississippi, Western Division.

8. To the extent that Plaintiff has stated a cognizable claim – which MTC denies – MTC admits that it is subject to personal jurisdiction in this Court.

---

[1] MTC utilizes the headings set forth in the Complaint for purposes of reference only. By so doing, MTC is not endorsing or admitting to the truth of any allegation contained in the heading and denies any such allegation not expressly admitted.

**Facts**

9. While denying any and all liability in the premises, and demanding strict proof thereof, MTC admits the allegations of ¶ 9.

10. MTC denies that its guards "allowed" anyone to escape. MTC admits that on December 26, 2017, offender Denarius Roscoe forcefully took the keys from Correctional Officer J. Hampton and let other offenders out of their cells. Those offenders proceeded to attack the Plaintiff by stabbing him multiple times.

11. MTC is without information sufficient to admit or deny that Plaintiff suffered or suffers from pain and debilitation and denies that allegation. While denying any and all liability in the premises, and demanding strict proof thereof, MTC admits the remaining allegations of ¶ 11.

12. MTC denies the allegations of ¶ 12 and demands strict proof thereof.

13. MTC denies the allegations of ¶ 13 and demands strict proof thereof.

14. MTC denies the allegations of ¶ 14 and demands strict proof thereof.

15. MTC denies the allegations of ¶ 15 and demands strict proof thereof.

16. MTC denies the allegations of ¶ 16 and demands strict proof thereof.

17. MTC denies the allegations of ¶ 17 and demands strict proof thereof.

18. MTC admits that a prudent prison operator must implement policies to control gang activity. MTC admits that prison officials label gangs as "Security Threat Groups" or "STGs." MTC admits that STG programs involve the prevention, identification, and management of gangs in prisons. MTC denies the remaining factual allegations and legal conclusions of ¶ 18 and demands strict proof thereof.

19. MTC denies the factual allegations and legal conclusions of ¶ 19 and demands strict proof thereof.

**Count One: Claims Under 28 U.S.C. § 1983[2]**

20. MTC denies the factual allegations of ¶ 20 and each of its subparagraphs "a." through "e." and demands strict proof thereof.

21. MTC denies the allegations of ¶ 21 and demands strict proof thereof.

22. MTC denies the factual allegations and legal conclusions of ¶ 22 and demands strict proof thereof.

23. MTC denies the factual allegations and legal conclusions of ¶ 23 and each of its subparagraphs "a." through "f." and demands strict proof thereof.

**Count Two: Negligent Hiring, Supervision, and Retention**

24. MTC reincorporates all defenses and prior responses into this count.

25. MTC denies the allegations of ¶ 25 and demands strict proof thereof.

26. MTC denies the factual allegations and legal conclusions of ¶ 26 and demands strict proof thereof.

**Count Three: Negligence and Vicarious Liability**

27. MTC reincorporates all defenses and prior responses into this count.

28. MTC denies the factual allegations and legal conclusions of ¶ 28 and demands strict proof thereof.

**Count Four: Punitive Damages**

29. MTC denies the factual allegations and legal conclusions of ¶ 29 and demands strict proof thereof.

---

[2] There is no statute codified at 28 U.S.C. § 1983. MTC believes that Plaintiff is seeking to bring civil rights claims under 42 U.S.C. § 1983.

**Damages**

30. MTC denies the factual allegations and legal conclusions of ¶ 30 and each of its subparagraphs "a." through "d." and demands strict proof thereof.

As to the unnumbered paragraph beginning with "WHEREFORE," MTC denies all allegations in this paragraph and specifically denies that Plaintiff is entitled to any relief whatsoever.

NOW, having answered, MTC requests that Plaintiff's Complaint be dismissed against it with prejudice, with all costs and fees assessed to Plaintiff.

Dated: June 27, 2018.

                        Respectfully submitted,

                        **MANAGEMENT & TRAINING CORPORATION**

By:   *s/H. Richard Davis, Jr.*
       R. Jarrad Garner (MSB# 99584)
       H. Richard Davis, Jr. (MSB# 103983)
       Adams and Reese, LLP
       1018 Highland Colony Parkway, Suite 800
       Ridgeland, Mississippi 39157
       Office: (601) 353-3234
       Fax:   (601) 355-9708
       jarrad.garner@arlaw.com
       richard.davis@arlaw.com

## CERTIFICATE OF SERVICE

I, H. Richard Davis, Jr., one of the attorneys for the Defendant, Management & Training Corporation, do hereby certify that I have, this day, filed the foregoing with the Clerk of Court using the CM/ECF system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

Dated: June 27, 2018.

*s/H. Richard Davis, Jr.*
H. Richard Davis, Jr.